### Abraham Cohen *v.* Nathan Marchant.

1. If a justice of the peace refuse to allow an appeal, or does any act whereby the party is deprived of the benefit of his right to appeal, an action will lie against the justice to recover the actual loss sustained thereby.
2. In all cases, where the justice exercises a legal discretion as to the ability of bail, or otherwise, he is protected by the law, unless he exceeds his authority, or actual malice is shown on his part.
3. The neglect of a justice to affix a proper date to a recognizance, or the act of post-dating or ante-dating it, are not matters in his discretion, and are not protected by the rule applicable to the judgments, or like proceedings of judicial officers.

SPECIAL TERM.—This is an action to recover damages for an alleged misconduct of the defendant, a justice of the peace.

The petition alleges that on December 29, 1854, in a cause pending before said justice, wherein one William Parker was plaintiff, and the plaintiff herein was defendant, a judgment of ten dollars' damages, and costs of suit, was ren-

8

dered against the plaintiff, from which he claimed an appeal to the court of common pleas of Hamilton county. That on or about January 5, 1855, he gave an undertaking in appeal, which was approved by said justice; and plaintiff alleges that said justice, instead of dating the execution of said undertaking on the day it was actually executed, ante-dated the same, and dated it on his docket as signed and approved on December 30, 1854, whereby he was afterward prevented from perfecting his appeal, and was compelled, on execution issued against him, to pay nineteen dollars and thirty-nine cents, damages and costs, in the original action.

*Joseph Abraham,* for plaintiff.

*Dodd & Huston,* for defendant.

The cause was submitted to a jury under the following charge:

STORER, J. Every party against whom a judgment is rendered by a magistrate, has the right, by law, to appeal, by filing bail at any time within ten days from the rendition of judgment. If the magistrate refuse to allow an appeal, or does any act by which the party who has a right to appeal is deprived of the benefit, an action will lie against the magistrate, in favor of the party injured, and the amount of damages will be the actual loss he has sustained thereby. In all cases where the magistrate exercises a legal discretion as to the ability of bail or otherwise, he is protected by the law, unless he exceeds his authority, or actual malice is shown on his part.

The neglect of a magistrate to affix a proper date to the recognizance, or the act of post-dating, or ante-dating it, are not matters of discretion; they are not protected by the rule applicable to the judgments, or like proceedings of judicial officers.

It is for the jury to decide, upon the whole evidence, when the bail was given; if at the time stated in the docket, Dec.

30, 1854, there is no cause of action made out; if, however, it was executed afterward, and in consequence of the erroneous date the defendant was prevented from taking his appeal, and has thereby been injured, the jury must assess damages sufficient to indemnify him for all that he has lost.

If there is malice found, as alleged in the petition, yet there can be no recovery for anything more than compensatory damages.

To measure the damages, the jury may consider the amount the plaintiff was compelled to pay; the loss of any time he was compelled to employ in attending to it, and reasonable counsel fees.

After all, it is a simple question when the recognizance was actually given. If it was given at any time after December 31, the plaintiff need not have filed his transcript till May term succeeding, and if he has thus been deprived of it, he has his action for the injury.

Verdict for plaintiff for nineteen dollars and thirty-nine cents. .